Upon the Special Verdict there are two Questions 1. Whether the Defts. paying Judgments upon simple Contract obtained after full notice of this Action be a Devastavit 2. Whether an Ex’r may retain a Debt by simple Contract ag’t a Bond Creditor 1. I agree that if an Exec’r pays a Debt by simple Contract (i.e. without Specialty) voluntarily without Coersion of Suit before a Debt by Bond or other Specialty whereof he has Notice it is a Devastavit But I apprehend it is not so to satisfie a Judgment obtained on such simple Contract even tho’ an Action is brought & the Ex’r has full Notice of a Debt by Specialty before such Judgment is had as was the Case here
It is. true the Law has instituted a certain Method or Order to be observed by Ex’rs in the Paiment of Debts which is as follows 1. He is to pay Debts of or upon Record 2. Debts by Specialty 3. Those without Specialty Curs. Wentw. 131. *B240 But this is to be understood — where an Ex’r pays Debts without Coersion of Suit For where an Action is brought & Judgm’t had ag’t an Ex‘r Let the Debt be of what Nature it will I conceive the Ex’r is bound to satisfie that Judgment before any other Debt of the Testators Except Debts of Record If it be objected that where an Ex’r has Notice of Debts by Specialty he may prevent any Judgment on a Debt by Simple Contract by pleading those Debts in Bar And 'if he will not it is his own Folly I answer that it is true an Ex’r may plead such Debts by Specialty in Bar to an Action on simple Contract if he pleases But I apprehend he is not bound to do so r'
In the Paiment of a Testators Debts the Law has left many Things to the Conscience & Discretion of the Ex’r who may lawfully prefer one Cred’r to another as Charity or other equitable Motive May induce In Debts of equal Dignity before Action brought It is commonly known that an Ex’r may prefer which Cred’r he pleases So where an Action is brought and pending that another is commenced the Ex’r may lawfully give Way to & confess this last Action & the Judgm’t shall be a good Bar to the first if there be no Covin as appears by Doct. & Stud. 157. Curs. Wentw. 144. Mo. 678. Scarles Case & Cro. Eliz. (462.) Green a Wilcox And no Difference appears by these Books where the first Action is for a Debt by Specialty & the last for a Debt without Specialty But Keil. 74. is more express that when a Judgment is given ag’t Ex’rs such Recovery is a good Plea to all other Actions And so I understand the Book Case 9. E. 4. 12. there cited Ex’rs were sued and pending that Action a Stranger recovered in another Action and” adjudged a good Plea Edgcomb a Dee Vaugh. 95. is an Authority in Point that a Judgment [224] obtained upon a simple Contract pending a former Action brought on an Obligation is a good Bar to such Action Consequently to satisfie such a Judgment can be no Devastavit which is the Question now before us
From all these Cases I hope it is clear that the Order to be observed by Ex’rs in the Paiment of Debts can refer only to such Paiments as are made without Coersion of Suit But where Actions are brought he that first gets Judgm’t must be first satisfied Curs. Wentw. 144. And in this as has been sayed the Ex’r may lawfully shew Fav’r by confessing one Action & delaying the other And it is very equitable & convenient that such a Power should reside in the Ex’r Since there is certainly no natural *B241 Difference between a Debt by Specialty & a Debt without but there may & often is more Justice & commonly more Charity to satisfie a Debt of the latter Sort ather than the former The principal Reason why the Law gives the Preference to the former is that the Writing makes the Debt more clear & certain but when there is a Judgment for a Debt without Wring [sic] That is then become as certain And therefore no Reason after Judgment that one should be preferred to the other.
It was an Opinion of old that an Action would not lie ag’t an Ex’r upon simple Contract And upon this probably was founded the Difference the Law has made between Debts of that sort & Debts by Specialty because it might seem unreasonable that an Ex’r shou’d have the Liberty of paying Debts to which he was not bound before Debts he was bound to pay This old Rule of Law having no Foundation in Reason or Justice has been long since exploded or rather a Way has been invented to elude it by turning Actions of Debt upon simple Contract into Actions upon the Case upon a Promise implied by Law as was settled about 150 Years ago in Slades Case 4. Co. 92. So that Ex’rs being now liable to Actions for Debts of this sort No Kind of Reason remains why Debts by Specialty should have the Preference after there is a Judgment for the other Courts of Equity in Cases properly under their Direction make no Difference at all between one Sort of Debt & the other If Lands are devised to Trustees to be sold for Paiment of Debts Creditors by simple Contract shall be let in equally with Cred’rs by Specialty & they shall be all paid in equal Proportion 2 Ch. Ca. 54. 1. —Vern. 63. 2. Vern. 405. (But note if the Devise be to Ex’rs to pay Debts the Land is legal Assets and Debts must be paid according to their priority at Law) And the Reason is because there is no natural Difference between one Sort of Debt & the other as has been already observed And therefore Equity will make none I [225] hope therefore as the Difference is meerly artificial introduced upon Reasons that now no longer subsist especially after a Judgment this Point will be carried no further than there are clear Authoritys for And I am much mistaken if any Case can be shewn where it is expressly & in Point adjudged to be a Devastavit in an Ex’r to pay a Judgment obtained on a Debt by Simple Contract before a Bond Debt of which he had Notice whereas I take 9. E. 4. 12. Keilw. 74. & Vaugh. 95. to be affirmative Resolutions for me And consequently are more cogent & *B242 will weigh more than 20 Cases which prove nothing but by Way of Inference .
2. Whether an Ex’r may retain a Debt by Simple Contract ag’t a Bond Cred’r It is a gen. Rule that an Ex’r may retain to satisfie a Debt due to himself But this says Wentworth in his Office of Executor 141. is to be understood where the Exec’rs Debt is of equal Dignity with the Cred’rs And puts a Case that the Testator is indebted to othe s by Judgment Statute or Recognisance and to the Exec’r by Bond There he cannot retain I shall not deny Wentworth’s Opinion to be Law in the Case put But I apprehend a great Difference between that Case & ours where the Cred’rs Debt is by Bond & the Ex’rs by simple Contract Judgm’ts Statutes Recognisances are all Debts of Record Of which the Ex’r is at his peril to take Notice without Information of the Cred’r 21. E. 4. 21. b. 2. Vern. 89. ( Vide 2. And. 159. 1 Mod. 175. & 3 Mod. 115. and quaere) And therefore if Judgm’t be had ag’t him upon a Bond & he satisfies it before he knows of these Debts by Record it is a Devastavit and he must pay the Money again out of his own Pocket So that an Ex’r cannot under any Circumstance pay a Bond Debt before a Debt by Judgment &c. But the Law is not so with Respect to Debts by Specialty & those without for an Ex’r may lawfully pay these latter even without Judgm’t before he has Notice of Debts by Specialty 3 Lev. 113. FitzGib. 77. 78. And even after Notice which must always be by Action he may give Way to a Judgment for a Debt by Simple Contract tho’ the Action on the Specialty be first commenced as I hope has been demonstrated
Allowing then Wentworths Opinion to be Law which however I don’t find is supported by any Authority before or since he wrote I conceive it is nothing to the present Question Nor have I met with one judicial Resolution in the Point The Matter then I presume must be determined upon the Reason of the Thing & the Rule of Equity & Natural Justice And if so I hope clearly to demonstrate that the Exec’r in this Case ought to retain
It is absurd to suppose that the Law gives a Man Power to do a greater Benefit to another than to himself Yet such will be the Consequence if the Ex’r may not retain in this Case For immediately upon the Testators Death he may pay a Cred’r by [226] simple Contract without Action & before a Cred’r by Specialty can possibly bring an Action And such Paiment is *B243 undoubtedly good ag’t any Debt by Specialty So where an Action is brought on a Specialty And afterwards another is brought on a simple Contract the Ex’r may confess this last & it shall be a good Bar to the first as has been shewn Now shall an Ex’r have it in his Power to do thus much for another And yet have no Remedy himself in the like Case Surely no but as he can neither sue himself nor pay himself the Law must give him an adequate Remedy that is by suffering him to retain Otherwise his Extorship will put him in a worse State than another Cred’r whereas the Rule of the Law is In equali jure melior est conditio possidentis Where the Right is equal Possession puts a Man in the better Cond’n Now it must be allowed that the Right between an Ex’r & Cred’r where both Debts are by simple Contract is equal Yet the Ex’r may satisfie the Cred’r but not himself This is surely a strange Way of reasoning It actually inverts the Rule of Law (just now mentioned) for the Ex’rs Possion puts him in a worse State instead of a better He shall be without a Possibility of obtaining his Debt while another Cred’r can easily get his especially with the Ex’rs Favour which he may lawfully shew I must submit whether this be not ag’t Sense & Reason It has already been observed that there is no natural Difference between Debts by Specialty & Debts by Simple Contract And that Courts of Equity make none Since then the Law is silent as to the Matter now before us I hope the Rule of Equity will be no bad one to follow Especially when the contrary Determination will be attended with so much Hardship upon the Ex’r whom the Law intends to favour as much as possible And will clash with a Rule of Law first introduced in Favour of Ex’rs
E contra were cited 1. Mod. 175. 1 Sid. 21. 230. 3 Mod. 115. Cumb. 318. FitzG. 77. & Dr. & Stud’t 157. to the 1. Point See also [sic]
Neidler Con’t 17.
To the 2 Point were cited Went. 141. 3 Lev. 355. Lex Test. 180 And Judgment for the Pit. April 1737.